Johnson, J.
By the covenant, on which this action is brought, the defendant wás bound to “ furnish one hálf of the labourers, necessary to erect a bridge -to be built and erected'across the 'Eutaw creek, at the entrance into Sante$ river; and-further to aid and assist in: opening a'rode about two miles in length from the mouth-of the'said Eiitaw creek, into the main Congaree road, leading from Charleston to Columbia, The object being that the said road- and bridge ’ be at the joint and equal espense óf both the contracting parties;!’ *120 and the breaches assigned are, that he would not furnish one half of the labourers necessary to erect the bridge, and that he did not, and would not assist in opening the said road.
The question made by the first ground of the motion is, whether the defendant has broken bis covenant? For the purpose of determining the legal question,.it would perhaps, only be necessary to state that the bridge has not been erected, nor the road opened by either of the parties. But it does not appear that the defendant was even wanting in good faith. In his letters of the 1st and 17th of February 1819j. he oilers to the plaintiffs the alternative of giving or taking ‡ 200 for building the bridge, and in the latter he objects being himself the active agent in opening the road, until an act of the legislature could be procured; as it passed through the. lands of others; and the truth of this fact is proved by the act of the legislature of December, 1819, passed when Davis, one of the plaintiffs, was a member; and the notice of the 22nd July, 1822, contains a proposition to give or to take ‡ 200 for building the bridge or opening the road. Nor is there any evidence that the plaintiffs did at any time give the defendant notice that they were ready and prepared to go to work; and the question now is, whether these circumstances in law constitute a breach of the covenant on the part of the defendant? In the interpretation of contracts it is a universal rule that they are to be taken according to the intent of the parties, to be collected from the whole context, and with reference to the subject contracted about. If we look into this contract, if will be seen at once, that the thing to be done was contemplated as an immediate benefit to the plaintiff, and that the benefit to result to the defendant w as remote; so that it would be naturally expected that they should become the actors, the first movers in the business; and this is implied from the terms used, he is to furnish one half of the labourers to erect the bridge,” “ he is to assise in opening the road.” And apparently with a view to put this question beyond doubt, it concludes by saying the object is, that these things shall be *121 done ai the equal expense of the parties. Taking it for granted then, that the plaintiffs were to be the actors, it follows that the defendant was not bound to move in the matter, until he had notice that the plaintiffs' were ready to engage in it; nor was he bound to contribute to the expenses, until they had been incurred. The same reasons which Would operate to exclude the plaintiffs from becoming the actors in the transaction would operate Still more forcibly to divest the defendant of that character, and the result would be* that both must move at the same instant of time. The work is not done, nor did the plaintiffs give the defendant notice that he was prepared to engage in it; as there is rio evidente that the conversation of the witness and defendant’s son ever came to his knowledge, or was intehded for him, until long after it transpired. But there is another view of the question, which is conclusive under the circumstances which this case comes "before the court. - It is dbvioUs that if the plaintiffs are entitled to recover for the breach, for the same reasons the de» fendant would also be entitled to his action; Neither has performed the work* and neither has given notice to the other of his readiness and preparation to engage in it. The mo* don for a new trial is therefore granted.
íhinkin, for the motion. Hunt, contra.